MERCHANTS MATRIX CUT SYNDICATE, INC., Plaintiff-Appellee,

v.

UNITED STATES of America, Defendant-Appellant.

No. 13054.

United States Court of Appeals Seventh Circuit.

Nov. 23, 1960.

Robert Tieken, U. S. Atty., Chicago, Ill., Roger P. Marquis, Chief, Appellate Section, U. S. Department of Justice, Washington, D. C., Perry W. Morton, Asst. Atty. Gen., and Luther D. Swanstrom, Asst. U. S. Atty., Chicago, Ill., for appellant.

Edward B. Lucius, Edward G. Lucius, Chicago, Ill., for appellee.

Before HASTINGS, Chief Judge, CASTLE, Circuit Judge, and GRUBB, District Judge.

CASTLE, Circuit Judge.

This action was brought by plaintiff-appellee, Merchants Matrix Cut Syndicate, Inc.,[1] under the Federal Tort Claims Act, 28 U.S.C.A. § 1346(b), to recover damages resulting from tortious acts of government agents which interfered with Merchants' use of and possessory rights in 8600 square feet of leased space in the Rand-McNally Building in Chicago. When the action was filed a condemnation suit brought by the government against Merchants was pending. This appeal is prosecuted by the government from the judgment order entered by the District Court subsequent to our remandment of the cause on the government's previous appeal.

Our opinion in the previous appeal, Merchants Matrix Cut Syndicate, Inc. v. United States, 7 Cir., 259 F.2d 747, certiorari denied 359 U.S. 991, 79 S.Ct. 1121, 3 L.Ed.2d 980, sets forth a résumé of other litigation concerning aspects of the basic controversy and recites in detail the relevant findings of fact which, under Rule 52, Federal Rules of Civil Procedure, 28 U.S.C.A., were left undisturbed except as there stated. We therefore do not repeat the same in this opinion.

In disposing of the Government's earlier appeal (259 F.2d 747) we held that moving expenses which could not be recovered in a condemnation suit were likewise, under the facts and circumstances here involved, not a proper element of damages in Merchants' tort claim action. We held the judgment appealed from correct on the general theory of tort liability but reversed and remanded with directions to adjust the damages awarded by eliminating any and all elements of moving expenses and then enter judgment, as thus reduced, for Merchants.

The District Court on remand eliminated the items "Cost of moving machinery and equipment, value of machines lost and destroyed, and cost of moving machinery and equipment, office furniture, etc., including cost of breaking wall * * * $9,877.88" and "Cost of elec-

---

1. Herein referred to as Merchants.

trical work in moving and relocation * * * $14,649.62" and in place of an item "Loss of piping and cost of pipe fitting work in moving and relocation * * * $5.094.95" substituted "Loss of Piping, and Piping destroyed by eviction of plaintiff * * * $2,169.91" and added an item awarding interest at 4% per annum from the date of its earlier judgment. The judgment order so entered and from which the present appeal is taken, insofar as pertinent, is as follows:

" * * * finding that no elements of moving expenses are contained in the damages awarded plaintiff in the judgment for plaintiff heretofore entered in this Court on the 23rd day of July, 1957, in the following items included in Finding No. 15 of said opinion:

"Fair market value of Merchants' use and occupancy of space in the Rand McNally Building as measured by what next immediate occupier, United States of America, paid for that space under a voluntary lease, namely $3.66 per square foot, less rent reserved in Merchants' lease of $1.54 per square foot; differential $2.12 per square foot, 8600 square feet for 1 year and 9 months from date of eviction to end of term ...................$31,906.00
Loss of Profits ........... 36,747.78
Loss of Piping, and piping destroyed by eviction of plaintiff ................ 2,169.91
Cost re electric typewriters ..................... 302.27
Cost of parts in conversion of Lake Erie Presses ...... 3,443.00
Value (depreciated) of air conditioning equipment destroyed ................ 2,106.69

of a Total of Damages of $76,675.65; and

"The Court further finding that interest at the rate of 4% per annum is due upon the damages suffered by plaintiff in the total amount of $76,675.65, from the 23rd day of July, 1957, the date of the judgment entered in favor of plaintiff in this Court, to the date of entry of this judgment, in the further sum of $7,-667.56.

"It Is Accordingly Ordered, Adjudged And Decreed that plaintiff recover of and from defendant the sum of Eighty Four Thousand Three Hundred Forty Three and 21/100 Dollars ($84,343.21) and execution shall issue for said sum with interest thereon as provided by law from the date of the entry of this judgment, and that plaintiff recover its costs as assessed by the Clerk of this Court."

The main contested issues presented by the government's present appeal are:

(1) Whether the District Court erred in including in its award of damages on remand items of cost or expenses necessarily incident to and a consequence of Merchants removal and relocation and which would accrue in any event on removal and relocation at the expiration of the term of the lease although not direct charges for transportation of its property and equipment to the new location, and

(2) Whether the District Court erred in awarding interest on the damages from the date of the original judgment.

The record establishes that the location to which Merchants removed was supplied by AC electrical current and that the items described as "Cost re electric typewriters" and "Cost of parts in conversion of Lake Erie Presses" represent the expense of converting this equipment from DC current to AC current. Likewise, the item listed as "Value (depreciated) of air conditioning equipment destroyed" represents the depreciated value of air conditioning equipment utilizing DC motors which was obsolete and could not be changed over to AC. The item "Loss of Piping, and piping destroyed by eviction of plaintiff" apparently represents the cost of piping and materials necessary to the installation of Merchants' machinery and equipment at

the new location. All of these items were expenses consequent to removal to the new location. They are expenditures which would have accrued in any event on removal at the expiration of the term of Merchants' lease. They were costs of removal and relocation. As such, they fall within the category of moving expenses which would not be recoverable as damages in a condemnation suit where there is an entire taking of a lessee's interest, United States v. Petty Motor Co., 327 U.S. 372, 66 S.Ct. 596, 90 L.Ed. 729; United States v. Westinghouse Elec. & Mfg. Co., 339 U.S. 261, 70 S.Ct. 644, 94 L.Ed. 816, and which likewise are not recoverable by Merchants in the instant case. We so concluded and directed in the previous appeal (259 F.2d 747). The judgment entered on remandment, insofar as these particular items are concerned, is contrary to our previous holding in Merchants Matrix Cut Snydicate, Inc. v. United States, 7 Cir., 259 F.2d 747 and the directions of the mandate issued therein.

With the exceptions of just compensation claims under the Fifth Amendment interest is not recoverable against the United States in the absence of express provision to the contrary. United States v. Thayer-West Point Hotel Co., 329 U.S. 585, 588, 67 S.Ct. 398, 91 L.Ed. 521; Gray v. Dukedom Bank, 6 Cir., 216 F.2d 108. The statute here relevant, 28 U.S.C.A. § 2411(b) expressly provides that with respect to judgments rendered in tort claim actions instituted under 28 U.S.C.A. § 1346, interest is limited to final judgments. See also 31 U.S.C.A. § 724a. The District Court's judgment of July 23, 1957, the original judgment in the instant cause, was not a final judgment. An appeal was taken and it was reversed (259 F.2d 747). The District Court erred in awarding interest from the date of said judgment on the damages awarded on remand.

We have considered the additional contentions made by the government and the arguments advanced in support thereof. In this connection we are of the opinion that there was evidence to substantiate the District Court's finding that the item "Loss of Profits" did not contain elements of moving expenses. We can not say that the District Court's finding in this respect was clearly erroneous.

When the government filed its condemnation suit it filed a declaration of taking and deposited $6,315 as estimated compensation for Merchants' leasehold interest. This deposit was withdrawn by Merchants. During oral argument of the present appeal counsel for the parties stipulated and agreed in open court that the $6,315 be credited against the damages recovered in this case.

The remaining contentions advanced by the government concern issues which we do not deem open to argument or adjudication on this appeal. Our review is limited to the issues we have considered above.

A motion by Merchants for additional damages based on its representation that the government's appeal was taken for the purpose of delay, was without reasonable cause and in lack of good faith, was denied by this Court, with leave, however, to present the issue at the time of argument on the merits. The request for additional damages is denied.

Insofar as the award of interest and the last four items of damages are concerned the judgment order of the District Court is erroneous as a matter of law. The first two items total $68,653.78. Deduction of the stipulated credit in the amount of $6,315.00 reduces that total to $62,338.78.

For the foregoing reasons the judgment order of the District Court is reversed and the cause is remanded to the District Court with directions to enter a judgment for the plaintiff in the sum of $62,338.78.

Reversed and remanded with directions.