Helen MASCUILLI, Administratrix, of the Estate of Albert Mascuilli, Deceased,

v.

UNITED STATES of America.

No. 203 of 1959.

United States District Court E. D. Pennsylvania.

Dec. 5, 1960.

---

Freedman, Landy & Lorry, Philadelphia, Pa., for libelant.

Walter E. Alessandroni, U. S. Atty., Philadelphia, Pa., for respondent.

WOOD, District Judge.

Libellant vigorously urged the Court to enter an order eliminating from this case the issue of liability, confining the trial to damages alone. Extensive discussion and argument has been held on this question. We are convinced from an examination of the requests for admissions, which were not denied, that the liability of the respondent is established beyond question. Applying the admitted facts in this case to the decisions of the Supreme Court and our own Third Circuit, we are convinced that a verdict against the libellant on the factual issue of liability could not possibly be sustained. We conclude, therefore, that the Court has the authority in these particular circumstances, and in the light of Rule 44½ of the Admiralty Rules, 28 U.S.C.A., to limit the issues to be tried to the question of damages. Furthermore, we are convinced that the circumstances in this case are readily distinguishable from those in Lynn v. Smith, 3 Cir., 1960, 281 F.2d 501.

Therefore, the following is entered:

### Pre-Trial Order

And now, to wit, this 5th day of December, 1960, upon consideration of the detailed admitted facts as reflected by the undenied requests for admission submitted by libellant, and the legal conclusions following therefrom, and giving full and considered thought to the arguments of counsel, the Court, pursuant to the authority of Rule 44½ of the Rules of Practice in Admiralty and Maritime Cases, hereby enters the following pre-trial order:

The liability issue is resolved by reason of the admitted facts and there is no issue as to liability now existing between the parties to this action; the admitted facts clearly establish liability of the respondent for the death of Albert Mascuilli on May 1, 1959; it will be unnecessary to adduce any further proofs relating to liability at the trial of this cause; the evidence at the trial shall be restricted exclusively to proof of the quantum of damages.