UNITED STATES of America

v.

LARCHWOOD GARDENS, INC., Larchwood Gardens, Inc. (Defendant) and John A. Robbins Co., Inc., Creditor-claimant, Appellants.

No. 17949.

United States Court of Appeals Third Circuit.

Argued Nov. 3, 1969.

Decided Jan. 21, 1970.

W. Bradley Ward, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa. (Tom P. Monteverde, Philadelphia, Pa., on the brief), for appellants.

James M. McHale, Philadelphia, Pa. (Carl McLaughlin, Philadelphia, Pa., on the brief), for appellees.

Before MARIS, SEITZ and STAHL, Circuit Judges.

## OPINION OF THE COURT

SEITZ, Circuit Judge.

Larchwood Gardens, Inc. (corporation) and John A. Robbins, Co. (Robbins), its sole stockholder, appeal a judgment of the district court awarding additional fees and expenses to the court-appointed receivers, attorney and accountant for the corporation.

The receivers, who are the appellees, were appointed by the district court in an action brought by the United States when the corporation defaulted on its federally insured mortgage loan. In due course the receivership affairs were completed and the receivers presented their final accounting and a petition for distribution seeking, *inter alia*, compensation for themselves, their attorney and their accountant. The exceptions by the corporation and Robbins to the amounts of compensation requested were overruled and the receivers' petition was granted. On appeal this court vacated the order of the district court and remanded for entry of orders incorporating the fees and allowances which we approved. The receivers' fees were reduced by almost 64%, the attorney's by over 40% and the accountant's by over 26%.[1] United States v. Larchwood Gardens, Inc., 404 F.2d 1108 (1968).

On remand the receivers presented the district court with a supplement to their final accounting which was in conformity with this court's mandate except that supplemental compensation for services performed by them and their agents after the appeal, expenses on appeal and interest on the approved allowances were claimed. The exceptions of the corporation and Robbins were overruled by the district court in an unreported opinion. This appeal followed.

■ We first consider appellants' contention that the additional compensation of $250.00 allowed each receiver and $500.00 allowed their attorney for services in the district court cannot be justified. The district court supported its action on the following basis:

> "The amounts requested are de minimus when we consider what is involved, the amount recovered for the estate by the Receivers and counsel, which was nothing short of a 'windfall', due to their continuous and vigorous efforts. We cannot lose sight of the fact as originally found by us that the Government has recovered almost $200,000.00 from a real estate promotion scheme on the part of the exceptants after it appeared to be a hopeless loss."

The district court's supplemental awards appear to be based solely on the value of services already fully considered and evaluated by this court on the prior appeal. It follows that these supplemental allowances cannot be justified if we limit ourselves to the grounds articulated by the district court.

The receivers and their attorney actually seek to justify the additional fees on the ground that compensable services were performed after the remand which were not contemplated by the original award. Since this ground could justify granting such fees, we turn to an examination of the record made after the remand. The receivers and their attorney set forth the nature of their services in their Petition to Award Distribution:

> "The additional service of the Receivers consisted of the following: Three telephone calls between the Receivers

| [1] | District Court Awards | Court of Appeals Awards |
|-----|-----------------------|-------------------------|
| Receivers: | $36,000.00 | $13,000.00 |
| Attorney: | 50,000.00 | 29,800.00 |
| Accountant: | 6,165.25 | 4,515.25 |

and their Attorney. Conference and consultation re the Opinion of the U. S. Circuit Court of Appeals, dated December 12, 1968. Conference and discussion re Petition and Order to be filed. The additional service of James H. McHale as Attorney, consisted of the following: Visit to the Clerk of the Circuit Court of Appeals and securing copy of Opinion of December 12, 1968. Preparing additional copies and sending to persons interested. Nine telephone calls to Receivers, Robert A. O'Connell & Co., Accountant. Letters to Accountant and Receivers. Preparation of Petition and Order to award distribution. Allowance of petition and service of the same, etc." (Petition to award distribution).

In their answer to the petition, the appellants demanded proof of the alleged services. However, at a hearing held thereafter the appellants' counsel stated that he did not think there were any facts in dispute but only questions of law were involved. In these circumstances we think it was proper for the district court to infer that no evidence was to be offered and that he was free to decide the matter on the record and briefs.

Initially, we think that the alleged services may have been encompassed by the previous award. In any event, we have carefully considered this sparse record and do not find a sufficient evidentiary base for an intelligent evaluation of the alleged services. The receivers and their attorney must do more than simply claim compensation. They must justify their claims. Such justification was not shown in this instance. Indeed, we think it not unreasonable to infer from this record that the additional "services" consisted largely of post mortem discussions concerning this court's prior decision. The allowances of additional fees to the receivers and their attorney in the district court cannot be sustained.

■ The appellants next attack the $600.00 additional compensation allowed the accountant for the receiver. The allowance was presumably based on the value of services rendered after this court's remand. We have examined the statement of the services rendered subsequent to the first appeal.[2] When it is considered with the receivers' prior petition and this court's earlier opinion, it is clear that these services were substantially included in the earlier request for compensation and were evaluated by this court in fixing the accountant's allowance.[3] The additional compensation will be disallowed.

■ We next consider the propriety of the district court's order allowing 6% interest to the receivers, their attorney and their accountant from the date of the district court's order granting the original allowances to the day prior to the date of the hearing on the requests for supplemental compensation. The interest was calculated on the amounts of the allowance as approved by this court. The district court allowed the charge against the fund in the interest of "justice, equity and good faith." It reasoned that, as to the portion of the fees remaining after the reduction on appeal, there was no basis to treat this court's action as other than an affirmance. It reasoned further that if this court had affirmed the lower court's order in toto, there would have been no question that interest would have been allowed. The district court notes that the receivers, as appellees, were not the cause of the delay; that they protected the estate by not making payments pending appeal; and finally, that the only beneficiaries

2. "March 25, 1969: Robert A. O'Connell & Co. for accounting and tax services in re:—Preparation of Supplement to Third and Final Account of Receivers; accounting for transactions from October 4, 1967 to March 25, 1969 and adjustments resulting from decision of Circuit Court of Appeals; preparation of 1967 and 1968 federal, state and City of Philadelphia tax returns (and reports), and 1968 and 1969 tentative state tax reports."

3. 404 F.2d at 1115–1116.

of a denial of interest would be the exceptants who had caused the original delay by appealing.

As the appellants point out, however, no supersedeas bond was filed on appeal. The receivers could have either paid the fees as ordered or, if they did not wish to face the possibility of having to make restitution, they could have invested the funds so that some interest would be earned. Apparently, they did neither.[4] We need not decide whether interest would have been allowed had we affirmed the allowances below. We are satisfied that justice, equity and good faith do not dictate the allowance of interest in this case. The appellants did nothing to deter the distribution or investment of the fees during the pendency of their appeal. Certainly justice, equity and good faith do not require that the corporation and Robbins be penalized for seeking appellate review, particularly if "success" be the touchstone. We conclude that interest should not have been awarded.

■ In connection with the prior appeal, the receivers incurred an expense of $1,085.82 for printing briefs. Neither party petitioned this court for the taxing of costs; thus, pursuant to Rule 39(a) of the Federal Rules of Appellate Procedure, each party paid his own costs. This, of course, did not constitute an adjudication by our court as to whether the receivership estate or the receivers and their agents should ultimately bear the costs of the appeal. However, on remand the district court allowed the receivers to charge the fund with such costs. In addition, the receivers hired a distinguished member of the bar of this court to argue the first appeal. The district court also allowed the receivers to pay his fee out of the receivership estate.[5] Appellants unsuccessfully excepted to both charges and renew their attack in this court.

Appellees claim they were "under a duty to defend the decree of the district court, and the awards made [in that decree]." Therefore, they argue, they defended that decree as a result of and in their fiduciary capacity and are entitled to reimbursement for both the attorney's fee and court costs at the appellate level.

■ It is true that on the first appeal the receivers were defending the district court order. But it is equally true that in so doing the receivers were in part protecting their personal interests. Generally the law imposes on a party the duty to pay his own fees and expenses in vindicating his personal interests. Should an exception be made here because the fees were awarded to them as court created fiduciaries? The answer is most difficult because there are conflicting policy considerations involved. On the one hand the receivers certainly had a right if not a duty to defend the appeal, while on the other, the payment of such expenses from the fund tends to penalize those who would seek appellate review.

We do not think the choice between these policies should be dictated by the outcome of the appellate proceedings. We say this because, absent any fraud or wrongdoing, there can be no question of the propriety of a receiver's appellate defense of the action of a district court. Rather, we conclude that in this situation the general rule requiring each party to pay his own expenses in defense of his personal interest should control. It is our understanding that services necessarily involved in preparing such applications to the district court and defending them there are not compensable. We think the same rule should apply on appeal lest we unduly chill the legitimate right to question such allowances. The present case is a particularly cogent example. If appellees' position were adopted, these appellants, as the "own-

---

4. A record suggestion that a small amount of interest applicable to these allowances was earned has not been pursued by the parties.

5. Since his employment was, in effect, ratified by the district court, we think that the issue as to compensating him from the fund is not changed merely because he was specially employed.

ers" of the receivership assets, would be burdened with both their own expenses and those of their "unsuccessful" opponents. Indeed, were we to accept appellees' view, it is entirely possible they could justify seeking reimbursement for expenses involved in this appeal.

We conclude that the receivers' expenses and costs in defending their allowances on appeal are not proper charges against the receivership estate. For the same reasons we think this conclusion is equally applicable to that portion of the expenses which was incurred in defending the attorney's and the accountant's fees.

The challenged portions of the district court order will be reversed with direction to make distribution forthwith.