**Helen MASCUILLI, Administratrix of the Estate of Albert Mascuilli, Deceased, Plaintiff,**

v.

**UNITED STATES of America.**

**No. 203 of 1959.**

United States District Court,
E. D. Pennsylvania.

Sept. 26, 1974.

Milton M. Borowsky, Philadelphia, Pa., for plaintiff.

Anthony W. Gross, Washington, D. C., Dept. of Justice, for defendant.

OPINION

DITTER, District Judge.

The present question before the court is the appropriate date from which interest should be awarded where numerous

appeals have been taken in a suit against the United States under the Public Vessels Act.

The plaintiff's husband was killed aboard the defendant's ship on May 1, 1959. Shortly thereafter a suit was filed and assigned to the late Honorable Harold K. Wood. On December 5, 1960, Judge Wood issued a Memorandum and Pre-Trial Order [1] resolving the issue of liability against the United States on the basis of the admitted facts, leaving only the question of damages to be tried.

A trial on the damages issue was tried before the late Honorable Judge John W. Lord, Jr., without a jury. On April 11, 1961, Judge Lord issued a decree awarding the plaintiff $124,000. and a judgment in that amount was entered.

The United States appealed this decision to the Third Circuit which reversed and remanded the case to the district court solely on the grounds that because there were material facts in dispute it was error to decide the issue of liability in a Pre-Trial Order.[2]

The Court stated 313 F.2d at 768:

For the reasons stated the Decree filed April 11, 1961 entering judgment in favor of the libellant in the amount of $124,000 against the United States *will be vacated* and the Pre-Trial Order filed December 5, 1960 will be reversed with direction to proceed in accordance with this Opinion. (emphasis added)

On remand the late Honorable Ralph C. Body conducted a trial on both the liability and damage issues. Judge Body determined that the ship was not seaworthy and that the United States was not liable and entered judgment ac-cordingly. In his findings of fact, however, Judge Body stated that had he found for the plaintiff the damages would have been $60,438.20.[3]

The plaintiff appealed the district court's decision claiming that liability was the only remaining issue and that the trial court was bound by previous $124,000. damage determination of Judge Lord. The Third Circuit affirmed Judge Body's findings as to liability and therefore felt there was no need to decide the damage issue.[4]

The Third Circuit decision was reversed by the United States Supreme Court in a short per curiam decision remanding the case to the district court for further proceedings in conformity with its opinion.[5]

The plaintiff then moved for entry of judgment against the United States for $124,000. Judge Body denied this motion since Judge Lord's decision had been vacated by the Court of Appeals. Instead, he entered a judgment of $60,438.30 for the plaintiff on the grounds that only his determination of liability, not damages, had been reversed by the Supreme Court.[6]

On appeal the Third Circuit concluded that Judge Body had incorrectly applied the Pennsylvania Wrongful Death Act in his computation and therefore his award of damages could not be justified.[7] The Court observed that the only alternative available to remanding the case would be to sustain the original $124,000. judgment on the theory that the district court could have done so in the exercise of its discretion.[8] However, since the original judgment was decided without benefit of knowledge of the legal basis

1. Mascuilli v. United States, 188 F.Supp. 754 (E.D.Pa.1960).

2. Mascuilli v. United States, 313 F.2d 764 (3d Cir. 1963).

3. Mascuilli v. United States, 241 F.Supp. 354 (E.D.Pa.1965).

4. Mascuilli v. United States, 358 F.2d 133 (3d Cir. 1966).

5. Mascuilli v. United States, 387 U.S. 237, 87 S.Ct. 1705, 18 L.Ed.2d 743 (1967).

6. Mascuilli v. United States, Adm. No. 203 of 1959 (E.D.Pa., filed June 25, 1968).

7. Mascuilli v. United States, 411 F.2d 867 (3d Cir. 1969).

8. The Circuit Court had also held that the original $124,000. judgment was not binding on remand. *Id.* 411 F.2d at 870.

of liability, the Circuit Court held that to reinstate the original judgment would have been an abuse of discretion. Therefore, the case was remanded to the district court for a new hearing and determination of the question of damages.[9]

Judge Body held a hearing on the question of damages on November 21, 1969. When he became ill, the case was transferred to me. I issued an opinion on March 31, 1972, in which I concluded that judgment should be entered in favor of the plaintiff for $111,720.[10] This decision was appealed and the Third Circuit reversed and remanded the case for computation of loss of earnings using actual and not estimated figures.[11]

After further submission of briefs I issued another opinion and judgment on March 29, 1974, awarding the plaintiff $132,665.[12] In her present petition plaintiff claims that she is entitled to interest from the date damages were initially assessed in her favor by Judge Lord on March 10, 1961. Mascuilli argues that when a judgment for money damages is appealed and is modified, interest on the judgment as modified runs from the date of the original judgment. She relies on F.R.A.P. 37; Perkins v. Standard Oil Company of California, 487 F.2d 672 (9th Cir. 1973); Kotsopoulos v. Asturia Shipping Co. S.A., 467 F.2d 91 (2d Cir. 1972); and United States v. Michael Schiavone & Sons, Inc., 450 F.2d 875 (1st Cir. 1971).

■ Unfortunately, the plaintiff completely misinterprets the effect of the 1961 judgment in light of the subsequent appellate history of this case. The 1961 judgment has not simply been modified by the eight succeeding court decisions but was unequivocally vacated when the Court of Appeals reversed the district court's Pre-Trial Order which granted summary judgment to the plaintiff.[13] Afterward, the action was tried

completely anew and judgment was entered for the Government. It was the second judgment that was reversed by the Supreme Court which in turn remanded the case to the district court to enter the appropriate judgment. This court has attempted to enter such an order, but twice its decisions were reversed by the Court of Appeals and the case remanded to recalculate the measure of damages. The conclusion, therefore, that the present judgment is simply a modification of the 1961 judgment is clearly erroneous.

Furthermore, most of the cases relied upon by the plaintiff deal with 28 U.S.C. § 1961, a section dealing with interest in ordinary civil cases, rather than the appropriate sections of the Public Vessels Act, 46 U.S.C. § 782 and the Admiralty Act, 46 U.S.C. § 743 which apply to this matter. Lettsome v. United States, 434 F.2d 907 (5th Cir. 1970).

Section 743 makes the award of interest in a decree against the United States discretionary at a rate of four per cent a year. The Public Vessels Act adopts this provision except, "no interest shall be allowed on any claim up to the time of the rendition of judgment." 46 U.S.C. § 782.

The question remains: from which date should interest run against the Government for the amount set forth in my opinion of March 29, 1974? It would be very easy to deny the plaintiff's petition, hiding behind the broad discretion given to the district court in these circumstances. I believe, however, this issue requires further consideration.

■ It is clear that under certain circumstances interest will run on a final judgment even if it is appealed. F.R.A.P. 37 provides that if a judgment is affirmed or the Court of Appeals enters a judgment, interest may be imposed. Furthermore, in certain cases where the

---

9. *Id.* 411 F.2d at 873..

10. Mascuilli v. United States, 343 F.Supp. 439 (E.D.Pa.1972).

11. Mascuilli v. United States, 483 F.2d 81 (3d Cir. 1973).

12. Mascuilli v. United States, Adm. No. 203 of 1959 (E.D.Pa., filed March 29, 1974).

13. 313 F.2d at 768. See also 411 F.2d at 870.

district court's judgment is reversed or vacated, interest was allowed to run from the original judgment. See Taylor v. Washington Terminal Co., 133 U.S.App. D.C. 110, 308 F.Supp. 1152 (1970); Fassbinder v. Pennsylvania R. R., 233 F. Supp. 574 (W.D.Pa.1964). This, of course, must be distinguished from the present case in which the 1961 order was vacated and tried completely anew.

Section 782's mandate that interest can only run after the rendition of judgment is ambiguous. Does it mean any judgment, a final judgment, or a final judgment not vacated or reversed? While I could find no direct answer to this question, the correct interpretation may be reached by the process of elimination.

There have been three judgments entered by the district court since the Supreme Court settled the issue of liability: Judge Body's award in June 1968, my first decision in 1972, and the present judgment issued in March of this year. Since interest must run from a judgment, a fortiori it must run from one of these decisions.

The fact that this court has been unable to compute damages satisfactorily and that our decisions have been reversed and remanded twice should not work to plaintiff's detriment. She became entitled to interest as of the day the final judgment on liability was rendered, and it would be inequitable to impose the costs associated with the use of money on her rather than on the defendant whose wrongful conduct resulted in the invocation of the judicial process and who had use of the money during the pendency of the various appeals. Perkins v. Standard Oil Co. of California, 487 F.2d 672 (9th Cir. 1973). See Petition of United States Steel Corporation, 479 F.2d 489 (6th Cir. 1973), cert. denied, 414 U.S. 859, 94 S.Ct. 71, 38 L.Ed.2d 110 (1973); Kotsopoulus v. Asturia Shipping Co. S.A., 467 F.2d 91, 94 (2d Cir. 1972); Coyle Lines, Inc. v. United States, 198 F.2d 195 (5th Cir. 1952). But see United States v. 3.317.39 Acres of Land, 481 F.2d 417 (8th Cir. 1973);

United States v. Larchwood Gardens, Inc., 420 F.2d 531 (3d Cir. 1970); Merchants Matrix Cut Syndicate, Inc. v. United States, 284 F.2d 456 (7th Cir. 1960).

Therefore, I conclude the most logical judgment from which interest should be computed is the judgment of June 25, 1968, entered by Judge Body on remand from the Supreme Court. It was this judgment that finally settled the issue of liability between the parties and began the time from which the plaintiff was entitled to recover from the Government. See Lauro v. United States, 168 F.2d 714 (2d Cir. 1948).

For these reasons, I conclude the plaintiff is entitled to a judgment against the United States for $132,665., with interest at four per cent per annum commencing June 25, 1968.