## In re MEADE LAND AND DEVELOPMENT CO., INC.

### Bankruptcy No. 69–357WK.

United States Bankruptcy Court,
E. D. Pennsylvania.

Aug. 14, 1980.

Edward Cohen, Philadelphia, Pa., for Receiver/Trustee.

Charles J. King, Jr., Norristown, Pa., for Eastgate Enterprises, Inc.

### OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

Presently before the court is an application for allowance of accumulated interest on the balance of fees remaining to be paid to counsel for the receiver and trustee in a Chapter XI proceeding.[1]

The counsel was originally awarded fifty thousand dollars ($50,000) on October 29, 1974 for legal services performed.[2] An unsecured creditor successfully appealed this fee award and the Third Circuit Court of Appeals remanded the question to the Bankruptcy Judge who reduced the award to $22,400.00 on December 30, 1976. On another appeal, this award was modified by the district court but eventually reinstated by the Court of Appeals on August 22, 1977.

---

1. While the Act has been superseded by the Bankruptcy Code as of October 1, 1979, its provisions still govern petitions filed before that date. The Bankruptcy Reform Act of 1978, Pub.L.No. 95–598, § 403, 92 Stat. 2683 (1978).

2. This Opinion constitutes findings of fact and conclusions of law in accordance with Bankruptcy Rule 752.

Of this $22,400.00 award, counsel has been paid $8,500.00 leaving a balance due of $13,900.00. This sum, along with other funds of the estate, has been retained by the trustee, pending appeals in a certificate of deposit which has earned $7,929.69 in interest. Counsel now seeks a pro rata share of this sum ($2,203.90) as interest on their award of attorney's fees.

■ The issue before the court is whether counsel is entitled to interest that has accrued on the balance of their award of counsel fees not yet paid from the date of such allowance by the bankruptcy court.

In light of the facts of this case, we must answer this question in the negative. We have been cited to only one case in which interest was awarded on counsel fees in a bankruptcy proceeding. In *In Re Barceloux,* 74 F.2d 288 (9th Cir. 1934), the Court of Appeals stated: "The district court awarded interest against the appellant . . . pursuant to the terms of the cost and supersedeas bond filed by said objecting creditor. . . . [a]nd appellant to secure a stay of execution executed this bond conditioned to pay to the trustee or his attorney all costs, damages, and interests accruing . . . ." *Id.,* at 294.

The instant case is distinguishable on its facts. There is no supersedeas bond or other agreement requiring interest to be paid on the counsel fees. The appeal of the fee award by the creditor was in no sense a wrongful delay of payment. In fact, the appeal was successful and resulted in a reduction of the original award. The appellant creditor never opposed the payment of $22,400. In fact, it was counsel who further delayed the payment of the balance with yet another appeal (unsuccessful) to the district court.

We see no reason to reward the party who is at least partially responsible for the delay with the accumulated interest. An award of the interest on counsel fees under these circumstances would encourage unnecessary litigation and stalling tactics, in direct contravention of the acknowledged goals of Bankruptcy law; e. i. ". . . the expeditious and economical administra-

tion of every bankrupt estate and the just, speedy and inexpensive determination of every proceeding in bankruptcy." 13 *Collier on Bankruptcy* 57 803.03 at 8–42 (14th ed. 1977).

We feel compelled to follow the rationale of the Third Circuit Court of Appeals in *United States v. Larchwood Gardens, Inc.,* 420 F.2d 531 (3rd Cir. 1970). The court held that corporate receivers, their attorneys and accountants were not entitled to interest after the Court of Appeals reduced the allowances on appeal. In that case, which is somewhat similar to the case at bar, no supersedeas bond was filed on appeal, and the corporation and its sole stockholder, did nothing to deter distribution or investment of fees during pendency of their appeal from the original allowance of fees. *Larchwood Gardens* reversed the district court and held that "justice, equity and good faith do not dictate the allowance of interest in this case." *Id.,* at 534.

By our refusal today to award interest, the ability of the creditor to appeal unfair decisions without being penalized is protected. He will not have to confront the possibility of further depletion of the estate by payments of fee and interest to counsel simply because the appeal delayed the original awarding of the fee.

■ Also, mitigating against the allowance of interest is the prevailing economical spirit of the Bankruptcy Act. All fees and payments in bankruptcy proceedings must be evaluated with the principle of economy in mind. *In re Roustabout Co.,* 386 F.2d 354 (3rd Cir. 1967). Conservation of the estate assets is necessary to the accomplishment of the prime objective of the Act as to creditors whose claims are recognized, i. e., the simple one of getting them paid. *See Grayson-Robinson Stores Inc. v. S.E.C.,* 320 F.2d 940, 949 (2nd Cir. 1963). Thus, it seems that the principles and objectives of bankruptcy law are best served by awarding any interest received on funds under appeal to the estate for possible distribution to creditors.

Counsel must realize that they cannot expect the same benefits or treatment in a bankruptcy proceeding as they would in a non-bankruptcy setting. Just as counsel, who take bankruptcy work do so with advance knowledge that they cannot expect the highest of fees, *Cle-Ware Industries, Inc. v. Sokolsky*, 493 F.2d 863, 875 (6th Cir.), *cert. denied*, 419 U.S. 829, 95 S.Ct. 50, 42 L.Ed.2d 53 (1974); it follows that they cannot expect to have their fees increased by the accumulated interest which, we believe, can best serve the estate for distribution.

While this result may seem harsh to counsel, anticipating payment of several thousand dollars, we believe it is consistent with the dictum of the *Larchwood Gardens* case, *supra*. That court seems to infer that the allowance of interest should be determined in accordance with equitable principles. In the instant case, as in *Larchwood Gardens*, justice, equity and good faith do not dictate the allowance of interest.

Counsel would have us adopt a policy of awarding interest in any case where funds have been invested. We believe this rule would be unworkable in a practical sense, and would raise questions of when and under what circumstances the funds should be invested. The trustee may decide, for any number of reasons, to not invest the funds in an interest-bearing account. His decision, whether correct or not, should not be controlling on the ultimate amount of money that his attorney receives.

In the absence of any case law which supports counsel's position and because we feel that a uniform treatment of interest on counsel fee awards is desirable, the application for allowance of interest, in this particular factual situation, is denied.