**OASIS CAR WASH, INC., et al., Respondents,**

v.

**Rina PIZZURRO, Now Nolan, et al., Appellants.**

Nos. 42421, 43639.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 2, 1982.

Motion for Rehearing and/or Transfer
Denied April 16, 1982.

Application to Transfer Denied
May 17, 1982.

Sleater & Sleater by W. W. Sleater, Clayton, Gioia & Temporiti by Thomas M. Gioia, St. Louis, for appellants.

Evans & Dixon by Gerre S. Langton, St. Louis, for successor-receiver, Vincent M. Flynn.

Thompson & Mitchell by David Wells and Mary Bonacorsi, St. Louis, for deceased-receiver, John O. Hichew.

Hal B. Coleman, Clayton, for Vito Pizzurro.

SATZ, Judge.

This is a consolidated appeal. Both appeals arise out of a dispute which began ten years ago between Vito and Rina Pizzurro, who were formerly husband and wife. They formed a corporation called the Oasis Car Wash, Inc., and this corporation leased the property from the Pizzurros to operate a car wash. The Pizzurros formed a second corporation, Oasis Oil Company, Inc., as a wholly owned subsidiary of Oasis Car Wash, Inc. Oasis Oil Company subleased part of the car wash premises from Oasis Car Wash, Inc. to operate a service station.

The first of these two consolidated appeals stems from an action which began in 1971 when Vito and the two Oasis corporations filed a petition against First North County Bank and Trust Company and Rina, seeking to restrain the Bank from honoring checks drawn on the corporations with Rina as the sole maker. Pursuant to Rina's

counterclaim filed in that action, the corporations were placed in receivership. Mr. John Hichew was appointed receiver pendente lite and served in that capacity until his death in August, 1975. Subsequently, the court approved the final accounting filed on behalf of receiver Hichew and discharged him as receiver. The trial court then appointed Vincent Flynn as a successor receiver. In October, 1979, the trial court approved the final accounting of receiver Flynn and discharged him from his duties. Rina filed a motion to set aside the final accounting and the discharge of the receiver. The motion was denied and the first appeal followed.

In this appeal, Rina asserts 9 points of error, with multiple subpoints. Basically, Rina contends the trial court erred in approving the final accounting of the receivers and in discharging them from their duties. More specifically, Rina argues that receiver Flynn failed to require a proper accounting from his predecessor, receiver Hichew, that receiver Hichew's final accounting failed to account for all receivership assets and was not sufficiently detailed to be informative, that the fees paid to receiver Flynn were unjustified and excessive and that the trial court improperly authorized certain acts of the receivers without giving Rina notice of and an opportunity to be heard on those acts.

As an additional point in this appeal, Rina argues the trial court erred in entering judgment against her in a suit she attempted to file against the estate of receiver Hichew. The suit charged Hichew with a conflict of interest in his administration of the receivership and a breach of his fiduciary duty. Rina attempted to file this action by including the petition as an exhibit to her objections to the final accounting and to the discharge of receiver Flynn. In

its order approving the final accounting of receiver Flynn and discharging him from his duties, the trial court entered judgment in favor of Hichew's estate in the conflict of interest action. Rina argues the trial court erred in doing so because, she contends, she was denied her right to an evidentiary hearing on that claim.

■ After a thorough review of the briefs and the transcript in this appeal, we find the trial court's judgment is supported by substantial evidence and is not against the weight of the evidence. The judgment contains no error of law. *See Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976); Rule 73.01. An extended opinion in this first appeal would have no precedential value. Thus, we will affirm this judgment in compliance with Rule 84.16(b).

■ In the second appeal, Rina makes a broad-based attack on the trial court's authorization of receiver Flynn to employ counsel to defend against the first appeal and to expend no more than $1,500.00 in attorney's fees and costs in processing that defense. Rina complains the authorization was improper because, she contends, defending against the first appeal was solely a defense of receiver Flynn's personal interest in his receiver's fees and not in defense of the receivership.[1] This attack clearly misses the mark. The first appeal is focused on the propriety of the receivers' administration of the receivership and the trial court's approval of that administration. A defense against an attack raising those issues is simply a defense of the trial court's order, and that defense is thus in the receivership's interest and not, as Rina contends, solely in the receiver's personal interest. *See, e.g., Jacobs v. Jacobs*, 90 Mo. 427, 12 S.W. 457, 460 (1889); *In re Flynn's Estate*, 177 S.W.2d 694, 696–697 (Mo.App. 1944).

---

1. The trial court's order authorizing the employment of counsel came more than 9 months after Rina's notice of appeal was filed in the first appeal. Thus, it is questionable whether the trial court had any jurisdiction to enter this order. *See Brock v. Steward*, 519 S.W.2d 365, 367 (Mo.App.1975); *Herrick Motor Co. v. Fischer Oldsmobile Co.*, 421 S.W.2d 58, 62 (Mo. App.1967). Rina, however, does not attack the authorization on this jurisdictional ground. Her failure to do so is perhaps understandable because subsequent to the trial court's authorization, this court also granted receiver Flynn authority to employ counsel to defend the first appeal. Once this court authorized receiver Flynn to employ counsel, the question of the trial court's authority to do the same became moot.

Admittedly, in its order approving the final accounting, the trial court awarded receiver Flynn a fee for his services. A defense of that award, arguably, is a defense of the receiver's personal interest; and, generally, in our state, a party must pay the fees and expenses he incurs in vindicating his personal interest. *See, e.g., In re Mills' Estate*, 238 Mo.App. 373, 183 S.W.2d 369, 375 (1944); *In re Whitlow's Estate*, 184 Mo.App. 229, 167 S.W. 463, 468 (1913). Thus, it can be argued that the portion of the attorney's fees incurred in defending the award of the receiver's fee is a personal expense which should not be compensable from the receivership fund. Should an exception be made to this logic because the fee awarded to Flynn was awarded to him as a court created fiduciary? "The answer is most difficult because there are conflicting policy considerations involved. On the one hand the [receiver] certainly ha[s] a right if not a duty to defend the appeal, while on the other, the payment of such expenses from the fund tends to penalize those who would seek appellate review." *United States v. Larchwood Gardens, Inc.*, 420 F.2d 531, 534 (3rd Cir. 1970). Our courts of appeal have apparently resolved the policy considerations in favor of the fund and preclude the expenses incurred in defending fees from being recovered from the fund. *See In re Estate of Bacheller*, 437 S.W.2d 132, 142–143 (Mo.App.1968); *see also In re Mills' Estate*, 238 Mo.App. 373, 183 S.W.2d 369, 375 (1944). Thus, the attorney's fee for defending the trial court's order must be determined separately from the expenses incurred in defending the receiver's fee.

Accordingly, the judgment of the trial court approving the final accounting and discharging receiver Flynn from his duties is affirmed and the causes are remanded to the trial court for the sole determination of the appropriate attorney's fee in this matter.

SMITH, P. J., and PUDLOWSKI, J., concur.