**In re HOLIDAY MART, INC., Debtor.**

**Bankruptcy No. 77–00565.**

United States Bankruptcy Court,
D. Hawaii.

Sept. 1, 1983.

See also, Bkrtcy., 35 B.R. 181.

**184**

William Dodd, Honolulu, Hawaii, for applicants.

Thomas Hayes, Honolulu Professional Services, Honolulu, Hawaii, Trustee.

---

## ORDER DENYING INTEREST AS ADDITIONAL COMPENSATION

JON J. CHINEN, Bankruptcy Judge.

The law firm of CHUN KERR & DODD, herein attorneys for the Trustee, hereafter "Applicant", filed on August 16, 1983, an APPLICATION FOR ALLOWANCE OF INTEREST AS ADDITIONAL COMPENSATION, wherein a request is made for interest on their fees from the date of conversion to Chapter 7 on December 5, 1980 until the payment of the fees.

The Applicant served as attorney for the receiver during Chapter XI proceedings from August 4, 1978 through December 4, 1980. On April 3, 1981, Applicant submitted an Application for Final Allowance of Compensation requesting approval of total fees of $324,832.65, which constituted a request for $133,792.18 plus tax in addition to amounts which had been previously allowed as interim compensation. This application was heard in May of 1981 and on November 6, 1981, this Court awarded Applicant $16,025.90 beyond the amounts previously approved. The Trustee paid this amount on November 24, 1981.

On November 18, 1981, Applicant appealed this Court's Order of November 6, 1981 to the U.S. District Court. On November 4, 1982, the U.S. District Court vacated and remanded this Court's Order of November 6, 1981 with instructions for reconsideration of Applicant's request. On December 13, 1982, Applicant filed with this Court documentation supporting final fees in the amount of $239,891.90 plus tax, which constituted a $31,825.53 plus tax increase over the amount approved in the November 6, 1981 Order.

On August 3, 1983, this Court entered its further Order on the final allowance due Applicant during the period of the Chapter XI proceedings and approved $19,025.10 plus tax beyond the amount approved in the November 6, 1981 Order. The Trustee has indicated that payment of this amount will be made on September 1, 1983.

By the instant application, Applicant requests that interest be awarded from debtor's estate on the $16,025.90 from the date of conversion from Chapter XI to Chapter 7 on December 5, 1980 until the amount was paid by the Trustee on November 24, 1981. In addition, Applicant requests that interest be paid from debtor's estate on the $19,025.10 from December 5, 1980 until payment is received on September 1, 1983. As support for this request, Applicant submits an Affidavit from the Trustee stating that the funds were invested during this period and earned a minimum 9% interest, and further stating that the Trustee is not opposed to this request.

■ This Court dismisses outright the contention that interest can be claimed from the time of the conversion until the fees were actually paid, especially since Applicant's request for fees was not filed until four months after the conversion date or heard until five months later. The Court's Order on the fees was entered eleven months after the conversion date. To claim that debtor's estate is liable from the date of the services for interest on attorneys' fees is an attempt by Applicant to set a "time clock" on the Court's processing of

fee applications at the expense of debtor's estate.

No authority is claimed by Applicant to support the request that any interest be paid on fees. In *In re Barceloux*, 74 F.2d 288, 289 (1935), the Ninth Circuit Court of Appeals, in allowing interest on fees from the date of award by the referee, specifically relied on the terms of the supersedeas bond filed by the appealing creditor to cover any such damages caused by the delay of the appeal.

This Court agrees with the Third Circuit Court of Appeals in *United States v. Larchwood Gardens, Inc.*, 420 F.2d 531 (3rd Cir. 1970), and the Bankruptcy Court of the Eastern District of Pennsylvania in *In re Meade Land and Development Co., Inc.*, 5 B.R. 464 (Bkrtcy.E.D.Penn., 1980), in distinguishing the *Barceloux* holding. "We see no reason to reward the party who is at least partially responsible for the delay with the accumulated interest." *Meade,* supra, at 465. We are in agreement with the Court in *Larchwood* that the allowance of interest should be determined in accordance with equitable principles.

In the instant case, no supersedeas bond has been filed from which the requested interest would be paid. Applicant's efforts in seeking approval of fees greatly in excess of that approved even on remand have contributed to the delay in award of final fees. It has been necessary for the Court to spend considerable time in carefully reviewing the time-sheets submitted by Applicant. This Court holds that justice and equity preclude awarding Applicant interest from debtor's estate on fees from the date of conversion to Chapter 7 until the time of payment.

■ The Court finds, however, that from the time an award of fees and costs is made by the Court and the Trustee is allowed a reasonable time to pay said amount, the moneys involved rightly belong to the Applicant. Thus, interest earned on these fees, after a reasonable time for payment has passed, should rightly be passed on to the Applicant. Given the availability of funds to pay the awarded fees, a period of one (1) week is a reasonable time during which the Trustee could be expected to pay the amount awarded to the Applicant. Based on Applicant's calculations that per diem interest on $16,025.90 at 9% equals $3.95 and that per diem interest on $19,025.10 at 9% equals $4.69, and allowing the Trustee one week from the Court's Order to pay the approved amount, the following amounts of interest are allowable:

$3.95/day for the period from November 13, 1981, until payment was made on November 24, 1981 (11 days) or $43.45.

$4.69/day for the period from August 10, 1983 until payment can be made.

The Trustee is hereby authorized and ordered to pay to Applicant the sum of $43.45 plus $4.69 per day from August 10, 1983 until the fees approved in the Order of August 3, 1983 are paid as interest on Applicant's fees and costs.